UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 3 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Green Miller Jr.
700 Seventh St. SW # 508
Washington, D.C. 20024
202 488-1449
     Plaintiff

   V.

District of Columbia
   Mayor
   Director, D.C. Department of
    Housing and Community Development
   Lynn C. French, Administrator, DC
    Homestead Program
      Defendants

Serve: D.C. Attorney General
   441 Fourth St., NW
   Suite 600 South
   Washington, D.C. 20001
   202 727-3400

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

**JURY**
**ACTION**

CASE NUMBER  1:06CV01935

JUDGE: John D. Bates

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/13/2006

\*
\*
\*
\*
\*
\*
\*

Verified Complaint For Declaratory Judgment
Permanent Injunctive Relief and Damages

1

# Table of Contents

I.      Nature of Action .....................

II.     Parties ...............................

III.    Jurisdiction and Venue ..............

IV.     Factual Background ..................

V.      Prayer for Relief ...................

VI.     Jury Demand .........................

VII.    Affidavit............................

(a) Plaintiff – Green Miller Jr. is a citizen of the United States with residence in Washington, D.C. Plaintiff owned the Belmont, University and Eighth Street properties, which are the subject of this litigation.

(b) Defendant – District of Columbia (District) is a municipal corporation able to sue and be sued in its own name. The Mayor and the Director of DHCD or the Chief Executive Officer.

(c) Defendant – Lynn C. French, at the time of the action was Administrator of D.C. Homestead Program and the District official who knowingly, willfully, and maliciously orchestrated the violation of the laws of the District of Columbia, this Court's automatic stay and this Court's subsequent Orders.

III.   Jurisdiction and Venue

This Court has jurisdiction over this action pursuant to:

- 28 U.S.C. 158
- U. S. Bankruptcy Court Petition case # 96-00431
- U.S. Bankruptcy Court Order dated September 30, 1997 and July 29, 1998
- D.C. Real Property Tax Revision Act of 1974, D.C. 47-847

Venue is property in the District of Columbia. All actions occurred in the District of Columbia.

IV.   Factual Background

(a) April 2, 1996 – Plaintiff, Green Miller Jr. filed a Chapter 13 bankruptcy petition in U. S. Bankruptcy for D.C.
(Converted to Chapter 11 Case # 96 – 0043)

(b) June 6, 1996 – Lynn C. French, Administrator Homestead Housing Preservation Program sent a "Notice of Intent" to take ownership of Plaintiff's Belmont properties.
(Received July 6, 1996)

(c) Early July 1996 – Plaintiff telephoned Mrs. French several times and also met with her to advise her that the plaintiff had filed the bankruptcy petition and of the fact that there was an automatic stay in effect from the Federal District Court.

(d) July 17, 1996 – Plaintiff sent a letter to Mrs. French again advising her of the bankruptcy and stay.

(e) August 8, 1996 – The Defendants, aware of the court stay, issued a deed conveying title to plaintiff's Belmont properties into the D. C. Homestead Housing Preservation Program.

(f) September 20, 1996 – The Defendant's filed suit in D.C. Superior Court styled "Complaint To Remove Cloud of Title" Case # CA 7528 – 96. All Affidavits were signed by Mrs. French.
(Plaintiff was never severed nor was he aware of the suit)

(g) December 20, 1996 – D. C. Superior Court was notified by one of Belmont's lien holders, that a stay had been entered by the District Court.

(h) May 30, 1997 - D. C. Superior Court dismissed the Defendant's "Complaint to Remove Cloud of Title".

(i) September 30, 1997 – The U. S. Bankruptcy Court issued an order confirming plaintiff's Plan of Reorganization.

(j) July 28, 1998 – The U. S. Bankruptcy Court issued a "Consent Order" between the plaintiff and defendant as to how the defendant's claims would be handled. <u>NEITHER THE PLAINTIFF NOR THE COURT WERE AWARE THE DEFENDANT HAD TO TAKEN TITLE TO PLAINTIFF'S BELMONT PROPERTIES IN VIOLATION OF THE STAY AND THE COURT'S ORDERS.</u>

(k) August 1998 – Plaintiff found that Defendant had illegally taken title to his Belmont properties.

(l) July 13, 1999 – After numerous telephone requests and a meeting plaintiff sent a letter to Mrs. French requesting that she return title to the Belmont properties back to plaintiff so that he could perfect his "Plan of Reorganization". Ms. French took no action to return title of Belmont properties to Plaintiff.

(m) June 13, 2002 – After numerous requests and meetings with District Officials, the Acting Director, Department of Housing and Community Development deeded the Belmont properties back to the plaintiff.

(n) Defendants alleged that plaintiff owed them money related to the Eighth Street and University Place properties. These properties were also part of the same agreement and Court Orders, which the defendant violated. Plaintiff contends that the damage he suffered as a direct result of Defendants illegally taking the title to the Belmont properties and holding them for 6 years significantly set off any amount Defendant alleges Plaintiff owes them. Therefore Plaintiff has refused to pay.

(o) July 12, 2006 – Defendants illegally sold plaintiff's Eighth Street and University Place properties at Tax Sale.

V.    Prayer for Relief

Wherefore plaintiff prays that this court grants him relief as follow:

(a) Set aside defendant's tax sale of plaintiff's Eight Street and University Place properties;

(b) Enter a temporary restraining order and permanent injunction directing defendant to vacate any and all tax sales of the Eight Street and University Place properties and with in seven days file appropriate documents reflecting compliance with this Court's orders;

(c) Award Plaintiff rent for the six year period Defendant held title to Plaintiff Belmont properties

(d) Award compensatory damages in amounts that will fully compensate plaintiff for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by violations of the law alleged in this complaint;

(e) Award punitive damages to plaintiff in an amount that would punish defendants for the willful, wanton ad reckless misconduct alleged in this complaint;

(f) Award plaintiff reasonable attorney's fees and cost;

(g) Order all other relief deemed just and equitable by the court.

VI.    Demand For Jury Trial

VII.   Affidavit

Green Miller, Jr. under penalty of perjury affirms the foregoing to be true.

_Green Miller Jr._
_____

Green Miller, Jr.

_Green Miller_
Respectfully Submitted,
_Green Miller Jr._
Green Miller, Jr., PRO SE
700 Seventh Street, SW #508
Washington, DC 20024
(202)488-1449

Form B1, P1 (12-94)    FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court | VOLUNTARY PETITION |
|---|---|
| District of | |

| IN RE (Name of debtor-If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|

**FILED**

| ALL OTHER NAMES used by the debtor in the last 6 years (including married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (include married, maiden and trade names) |
|---|---|

**APR 2 1996**

| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
|---|---|

**U.S. Bankruptcy Court for D.C.**

| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
|---|---|
| 700 Seventh Street, SW #508 Washington, DC 20024 | |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
|---|---|

| LOCATION OF PRINCIPLE ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | VENUE (Check one box) |
|---|---|
| | ☒ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| | ☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this district |

**INFORMATION REGARDING DEBTOR (Check Applicable boxes)**

TYPE OF DEBTOR (Check one box)
- ☐ Individual
- ☐ Joint (H&W)
- ☐ Partnership
- ☐ Other _____
- ☐ Corporation Publicly Held
- ☐ Corporation Not Publicly Held
- ☐ Municipality

CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13
- ☐ § 304-Case Ancillary to Foreign Proceeding

SMALL BUSINESS (Ch.11 only)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101.
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (optional)

NATURE OF DEBT (Check one box)
- ☒ Non-Business Consumer
- ☐ Business - Complete A&B below

A. TYPE OF BUSINESS (Check one box)
- ☐ Farming
- ☐ Professional
- ☐ Retail/Wholesale
- ☐ Railroad
- ☐ Transportation
- ☐ Manufacturing/Mining
- ☐ Stockbroker
- ☐ Other Business
- ☐ Commodity Broker
- ☐ Construction
- ☐ Real Estate

FILING FEE (Check one box)
- ☐ Filing fee attached.
- ☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b); see Official Form Number 3

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY

Telephone No.

| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. § 604) (Estimates only) (Check applicable boxes) | NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR (Print or Type) |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. | ☐ Debtor is not represented by an attorney. Telephone no. of |
| ☐ Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | debtor not represented by an attorney: ( ) |

ESTIMATED NUMBER OF CREDITORS
☒ 1-15    ☐ 16-49    ☐ 50-99    ☐ 100-199    ☐ 200-999    ☐ 1000-over

ESTIMATED ASSETS (in thousands of dollars)
☐ Under 50    ☐ 50-99    ☐ 100-499    ☒ 500-999    ☐ 1000-9999    ☐ 10,000-99,000    ☐ 100,000-over

ESTIMATED LIABILITIES (in thousands of dollars)
☐ Under 50    ☐ 50-99    ☒ 100-499    ☐ 500-999    ☐ 1000-9999    ☐ 10,000-99,000    ☐ 100,000-over

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐ 1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
☐ 0    ☐ 1-19    ☐ 20-99    ☐ 100-999    ☐ 1000-over

THIS SPACE FOR COURT USE ONLY

**06 1935**

**FILED**

**NOV 1 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEED

### (Property Acquired thru Homestead
### Housing Preservation Program)

THIS DEED, made this 8th day of August_____, in the
year one thousand nine hundred and ninety-six by and between
Marion Barry, Jr., the Mayor of the District of Columbia,
party of the first part, and the Government of the District
of Columbia, party of the second part, witnesseth:

WHEREAS, in compliance with law, certain property,
located in the District of Columbia and known for purposes of
assessment and taxation as lot numbered  805 and improvements
in square numbered  2868 according to the records in the
Department of Finance and Revenue, District of Columbia, was
duly assessed for special assessment in 1986 and for taxation
in the name of Green Miller, Jr.   in tax years 1991, 1992,
and 1994.

AND WHEREAS, taxes and/or special assessments and/or
water and sanitary sewer service charges and/or public space
rentals and/or assessments to reimburse the District of
Columbia for money expended in the removal of nuisances,
together with the penalties, interest and costs accruing
thereon, being unpaid, and said property in arrears for the
same, the Mayor of the District of Columbia duly published
said described property, as required by law, giving due
notice thereof by advertisement; and offered at public sale
to the highest bidder for the satisfaction of said taxes
and/or special assessments and/or water and sanitary sewer
services charges and/or public space rentals and/or
assessments to reimburse the District of Columbia for money
expended in the removal of nuisances, so in arrears and
delinquent together with interest, penalties and costs then
due, and no other person having bid the amount due, said

property was bid off in the name of the District of Columbia, the date of such sale being in the month of <u>January</u> in the years one thousand nine hundred <u>eighty-seven, ninety-two through ninety-three</u> and in <u>July</u> in the year one thousand nine hundred and <u>ninety-five</u> all in accordance with the laws for the Government of the District of Columbia;

AND WHEREAS, the Council of the District of Columbia established the Homestead Housing Preservation Program pursuant to an Act of Congress entitled "District of Columbia Real Property Tax Revision Act of 1974", approved September 3, 1974, whereby title to property bid off in the name of the District of Columbia may be transferred into the name of the District of Columbia after the prescribed redemption period has expired;

AND WHEREAS, the Mayor of the District of Columbia desires to enforce the liens of the District of Columbia for taxes or other assessments against said property by ordering that a deed in fee simple to said property be issued to the District of Columbia, the party of the second part, for participation in the Homestead Housing Preservation Program;

AND WHEREAS, the owner or owners of said property, or their legal representatives, did not within the prescribed redemption period following the date of such sale to the District of Columbia or at any time thereafter and prior to this deed, redeem said property from said sale in the manner provided by law;

NOW, THEREFORE, THIS DEED WITNESSETH, that said party of the first part, by virtue of the authority conferred on him by said Acts and law does grant, and convey in the name of and on behalf of said District of Columbia unto said party of the second part, its successors, heirs, and assigns, the hereinbefore described lands and premises, and the appurtenances there-unto belonging or in any wise appertaining; to have and to hold the same unto said party of the second part, its successors, heirs and assigns forever.

IN WITNESS WHEREOF, said Marion Barry, Jr., the Mayor of the District of Columbia, party of the first part, having first considered and approved the forgoing deed, has directed the execution thereof in the name of said Mayor by Carla W. Carter, Acting Director, Department of Finance and Revenue, who has hereunto set her hand and affixed the seal of the District of Columbia hereto, on the day and year first herein before written, under authority of the Act of Congress entitled "An Act to relieve the Commissioners of the District of Columbia of certain ministerial duties", approved February 11, 1932, and by order of the Commissioner, No. 68-143, dated March 7, 1968, and No. 69-96, dated March 7, 1969.

Mayor of the

DISTRICT OF COLUMBIA

By _Carla Carter_ (seal)

---

DISTRICT OF COLUMBIA, ss:

I, _Paulie Crow_ , a Notary Public in and for the District of Columbia, DO HEREBY CERTIFY that _Carla W. Carter_ of the District of Columbia, party to the foregoing and annexed deed bearing date on the _8th_ day of _August_ , A.D. 19 _96_ personally appeared before me in said District, the said _Carla W. Carter_ being personally well known to me as the person who executed the said deed and acknowledge the same to be the act and deed of the said Mayor of the District of Columbia.

Given under my hand and official seal this _8th_ day of _August_ , A.D. 19 _96_.

_Paulie Crow_

Notary Public, D.C.

My Commission Expires:
March 14, 1997

96 AUG 21 AM 10: 16

960005273B

Return To! DHCD
51 N St. N.E. 5th FL.
Homestead Program
WDC 20002

*330 Belmont*

## DEED

### (Property Acquired thru Homestead
### Housing Preservation Program)

THIS DEED, made this 8th day of August_____, in the
year one thousand nine hundred and ninety-six by and between
Marion Barry, Jr., the Mayor of the District of Columbia,
party of the first part, and the Government of the District
of Columbia, party of the second part, witnesseth:

WHEREAS, in compliance with law, certain property,
located in the District of Columbia and known for purposes of
assessment and taxation as lot numbered  801 and improvements
in square numbered  2868 according to the records in the
Department of Finance and Revenue, District of Columbia, was
duly assessed for taxation in the name of Green Miller, Jr.,
in tax years 1991, 1992, and 1994.

AND WHEREAS, taxes and/or special assessments and/or
water and sanitary sewer service charges and/or public space
rentals and/or assessments to reimburse the District of
Columbia for money expended in the removal of nuisances,
together with the penalties, interest and costs accruing
thereon, being unpaid, and said property in arrears for the
same, the Mayor of the District of Columbia duly published
said-described property, as required by law, giving due
notice thereof by advertisement; and offered at public sale
to the highest bidder for the satisfaction of said taxes
and/or special assessments and/or water and sanitary sewer
services charges and/or public space rentals and/or
assessments to reimburse the District of Columbia for money
expended in the removal of nuisances, so in arrears and
delinquent together with interest, penalties and costs then
due, and no other person having bid the amount due, said

property was bid off in the name of the District of Columbia, the date of such sale being in the month of January  in the years one thousand nine hundred ninety-two through ninety-three and in July in the year one thousand nine hundred and ninety-five  all in accordance with the laws for the Government of the District of Columbia;

AND WHEREAS, the Council of the District of Columbia established the Homestead Housing Preservation Program pursuant to an Act of Congress entitled "District of Columbia Real Property Tax Revision Act of 1974", approved September 3, 1974, whereby title to property bid off in the name of the District of Columbia may be transferred into the name of the District of Columbia after the prescribed redemption period has expired;

AND WHEREAS, the Mayor of the District of Columbia desires to enforce the liens of the District of Columbia for taxes or other assessments against said property by ordering that a deed in fee simple to said property be issued to the District of Columbia, the party of the second part, for participation in the Homestead Housing Preservation Program;

AND WHEREAS, the owner or owners of said property, or their legal representatives, did not within the prescribed redemption period following the date of such sale to the District of Columbia or at any time thereafter and prior to this deed, redeem said property from said sale in the manner provided by law;

NOW, THEREFORE, THIS DEED WITNESSETH, that said party of the first part, by virtue of the authority conferred on him by said Acts and law does grant, and convey in the name of and on behalf of said District of Columbia unto said party of the second part, its successors, heirs, and assigns, the hereinbefore described lands and premises, and the appurtenances there-unto belonging or in any wise appertaining; to have and to hold the same unto said party of the second part, its successors, heirs and assigns forever.

IN WITNESS WHEREOF, said Marion Barry, Jr., the Mayor of the District of Columbia, party of the first part, having first considered and approved the forgoing deed, has directed the execution thereof in the name of said Mayor by Carla W. Carter, Acting Director, Department of Finance and Revenue, who has hereunto set her hand and affixed the seal of the District of Columbia hereto, on the day and year first herein before written, under authority of the Act of Congress entitled "An Act to relieve the Commissioners of the District of Columbia of certain ministerial duties", approved February 11, 1932, and by order of the Commissioner, No. 68-143, dated March 7, 1968, and No. 69-96, dated March 7, 1969.

Mayor of the
DISTRICT OF COLUMBIA

By _____ (seal)

---

DISTRICT OF COLUMBIA, ss:

I, _____, a Notary Public in and for the District of Columbia, DO HEREBY CERTIFY that _____ of the District of Columbia, party to the foregoing and annexed deed bearing date on the _8th_ day of _August_, A.D. 19_96_, personally appeared before me in said District, the said _Carla W. Carter_ being personally well known to me as the person who executed the said deed and acknowledge the same to be the act and deed of the said Mayor of the District of Columbia.

Given under my hand and official seal this _8th_ day of _August_, A.D. 19_96_.

_____
Notary Public, D.C.

My Commission Expires:
March 14, 1997

96 AUG 21 AM 10: 14

9600052737

Return To: DHCD
Hamesteel Program
51 N St. NE, 5th FL.
WDC 20002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                          :
                                :
GREEN MILLER, JR.               :    Case No. 96-00431
                                :    (Chapter 11)
              Debtor            :

## THIRD AMENDED PLAN OF REORGANIZATION

DATED:    September 25 , 1997

FILED BY: Green Miller, Jr.

The Debtor proposes the following Plan of Reorganization.

### ARTICLE I

### DEFINITIONS FOR THIS PLAN

"Allowed Claim" shall mean each and every claim held by a Creditor of the Debtor, which Claim shall have been either scheduled as undisputed, non-contingent and liquidated in the Schedules or filed prior to November 20, 1996, as a Proof of Claim with the Bankruptcy Court, which Proof of Claim is ultimately allowed. Where there is a difference between the amount scheduled as undisputed and liquidated between Debtor in its Schedules and the amount set forth in the Proof of Claim filed by the affected Creditor, the amount shown in the Proof of Claim shall govern for purposes of allowance unless objected to by the Debtor, in which case the Claim shall be in the amount allowed by the Bankruptcy Court.

"Bankruptcy Code" shall mean Title 11 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Columbia unless a specific reference is made to another bankruptcy court.

"Belmont" shall mean the two lots located at 1330 and 1332 Belmont Street, N.W., Washington, D.C., Lots 801 and 805, Square 2868, in the District of Columbia.

"Chapter 11" shall mean Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.

"Claim(s)" means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

"Confirmation" shall mean the entry of an Order by the Bankruptcy Court confirming the Plan in accordance with Chapter 11.

"Consummation Date" shall mean a date not more than 120 days after the Effective Date.

"Debtor" shall mean the Debtor, Green Miller, Jr.

"Disclosure Statement" shall mean the written Disclosure Statement submitted by the Debtor concerning the Plan as approved

2

by the Bankruptcy Court pursuant to Section 1125(b) of the Bankruptcy Code.

"Effective Date" shall mean 10 days after Confirmation, providing no appeal has been filed.

"Eighth (8th) Street" shall mean the single family resident located at 6920 8th Street, N.W., in Washington, D.C.

"Petition Date" shall mean the date of the filing of the Debtor's Petition initiating the Chapter 13 case on April 1, 1996.

"Plan" shall mean this Plan of Reorganization in its present form as it may be amended or supplemented.

"Rhode Island" shall mean the property six unit rental building located at 45 Rhode Island Avenue, N.E., Washington, D.C.

"Schedules" shall mean the Schedule of Assets and Liabilities, Statement of Affairs, and Statement of Executory Contracts, and the amendments thereto, filed by the Debtor with the Bankruptcy Court.

"Seventh (7th) Street" shall mean the condominium located at 700 7th Street, S.W.

"University Place" shall mean the four unit apartment building located at 2560 University Place, N.W., Washington, D.C.

## ARTICLE II

### ADMINISTRATIVE CLAIMS

Administrative Claims, including those of the U. S. Trustee, and any professionals retained during the Chapter 11 will be paid at Confirmation unless postponed by agreement with the Debtor.

3

## ARTICLE III

### CLASSIFICATION OF CLAIMS

Class 1 is the pre-petition priority claim of the District of Columbia for real estate taxes for University Place and 8th Street, in the approximate amount of $12,000.00.

Class 2 is the allowed secured tax claim of the District of Columbia for unpaid taxes and assessments on lots 801 and 805, square 2868.

Class 3 is the allowed secured claim of NationsBank, secured by first and second liens on University Place, which NationsBank believes to be $135,000.00.

Class 4 is the allowed secured claim of NationsBank secured by 8th Street, N.W., in the amount of $156,000.00.

Class 5 is the allowed secured claim of Essex, in the approximate amount of $19,300.00, secured by 700 7th Street, S.W.

Class 6 is the allowed secured claim of Boatman's Bank in the approximate amount of $31,000.00, secured by a first lien on 45 Rhode Island Avenue, N.E..

Class 7 is the allowed claim of Loewenger, et al., in the approximate amount of $7,200.00.

Class 8 is the allowed claims of unsecured, non-priority creditors.

### ARTICLE III

### CLAIMS IMPAIRED UNDER THE PLAN

All Classes are impaired under the Plan.

4

ARTICLE IV

TREATMENT OF CLAIMS

The Class 1 priority claim of the District of Columbia will be paid out over six years with an interest rate of 7%, in monthly installments of approximately $204.59.

The Class 2 allowed secured tax claim of the District of Columbia, related to lots 801 and 805, square 2868, will be paid as follows: If, within six months of consummation, the debtor has not sold the lots in an amount sufficient to pay the allowed claim, and/or arranged with the consent of the District of Columbia to donate the property to a non-profit group, the debtor will abandon all claims to the lots and consent to the relief sought in the D. C. Superior Court proceeding.

The Class 3 allowed secured claim of NationsBank will be paid as though amortized over thirty (30) years at an interest rate of 8%, in equal monthly amortized installments, providing however that the entire unpaid balance shall be due and owing five years from the Effective Date of the Plan. The Note will be amortized beginning October 1, 1997, with the first payment due on November 10, 1997, which payment shall include interest accrued for the first ten days of October. Payments shall commence on an assumed loan balance of $135,000.00, with monthly payments of $990.58. Upon resolution of the Debtor's objection to the claim of NationsBank, the amount of the loan and the monthly payments may be revised. The revised loan documents, which are attached hereto as Exhibit A, require that real estate taxes shall be maintained

5

current, that pre-petition real estate taxes will be paid in accordance with the Plan, that insurance will be maintained current, and that, in the event of a default, the borrower will be provided with notice and a thirty day period to cure. NationsBank will retain its liens, in the present priority, as to this property. Beginning the first year after the Effective Date of the Plan, the Debtor will provide NationsBank with annual financial statements.

The Class 4 allowed secured claim of NationsBank will be amortized as though for a period of thirty (30) years, with interest at 8-1/2%, in equal monthly amortized installments, providing however that the entire unpaid balance shall be due ten years from the Effective Date. Payments will be in the monthly amount of $1,199.52. The amortization period will commence on October 1, 1997, with the first payment due on November 10, 1997, which payment shall include the additional ten days interest. The revised loan documents, which are attached hereto as Exhibit B, require that real estate taxes and insurance be maintained current, and that pre-petition real estate taxes shall be paid in accordance with the Plan. The documents shall also provide for, in the event of default, a notice of default and thirty day period to cure. NationsBank shall retain its lien, and its priority, as to this property. Beginning the first year after the Effective Date of the Plan, the Debtor will provide NationsBank with annual financial statements.

6

The Class 5 allowed secured claim of Essex will be paid in accordance with its terms. All sums in arrears will be paid in two installments, one on or before the 8th day of May, 1997, and the second on or before June 8, 1997.

The Class 6 allowed secured claim of Boatman's Mortgage Corporation will be paid in equal monthly amortized installments over 30 years at 8%.

The Class 7 allowed claim of Loewenger, et al., will be paid in equal monthly installments at 7% over 20 years, if allowed as secured. If deemed unsecured, the claim will be treated as a Class 8 claim.

The Class 8 allowed claims of unsecured, non-priority creditors will be given the option of payment of 20% of their debt, at Consummation, at Debtor's option, or 100% payment in full in 7 annual installments beginning on the first anniversary of Consummation, with interest at 6% per Annum. The first six installments will each constitute 10% of the claim; the seventh and final payment will consist of the entire balance due.

### ARTICLE V

### FEASIBILITY AND IMPLEMENTATION OF THE PLAN

The Debtor expects to fund the lien repayment on University Place and 8th Street from the net operating income of University Place and the net proceeds of the rentals of the Rhode Island Avenue property after debt service on the latter property. These sums are expected to bring $3,700.00 a month, less a 10% vacancy rate for a net of approximately $3,330.00. Rental of the 7th

7

Street condominium should bring a net over condominium fees and mortgage payments of $140.00. Debt service to NationsBank on the debt secured by 8th Street requires a monthly payment of $1,199.52. Taxes and insurance on 8th Street require another $210.00/month. The NationsBank debt secured by University Place requires, at a maximum, a monthly payment of $990.58. The Plan requires $204.59 for D.C. and $55.70 on a judgment lien, if the lien is deemed valid. At least $300.00 per month will be set aside for the annual payment to unsecured creditors. The Debtor lives frugally, and expects assistance with living expenses from his fiancee. The Debtor also expects to get at least a part-time job in his field of architecture and/or urban planning at an annual rate of at least $60,000.00 a year.

ARTICLE VI

DISCHARGE

Upon Confirmation, Green Miller will be vested with their assets subject only to outstanding liens. Mr. Green shall be entitled to manage his affairs without further order of the Court and, as of the Confirmation Date, shall be discharged from all debts, except as provided in Article IV. Payments, distributions and other treatments set forth in Article IV of the Plan shall be deemed to be in full and complete satisfaction and release and discharge of said claims. As part of Confirmation, the Debtors will retain their right to continue, maintain and bring any and all legal and equitable causes of action which they may have in the Bankruptcy Court or such other Courts as may be appropriate. The

8

Debtors further specifically retain the right to bring any and all causes of action that a Trustee might bring pursuant to Sections 502, 510, 541 through 551, 553, and 723 of the Bankruptcy Code after Confirmation.

## ARTICLE VII

### MODIFICATIONS OF THE PLAN

The Debtors may modify this Plan in accordance with Section 1127 of the Bankruptcy Code. After Confirmation, the Debtors may, with the approval of the Court and so long as it does not materially or adversely affect the interests of Creditors remedy any defect or omission or any inconsistencies in the Plan or Disclosure Statement, such as may be necessary to carry out the purposes and effect of the Plan.

## ARTICLE VIII

### RETENTION OF JURISDICTION

The Bankruptcy Court shall, after Confirmation, retain jurisdiction of this case to: determine the allowance of Claims and all Claims against the Debtor pursuant to Section 502 of the Bankruptcy Code; determine any matters arising concerning the title to property of the Debtor, the sale thereof, or liens against the said property; determine the allowance of timely filed Claims, resulting from the rejection of Executory Contracts; determine any dispute as to the allowance of Claims; hear and determine any adversary proceedings or contested matters commenced by the Debtor; fix and determine professional fees and other costs of administration; enforce the provisions of the Plan and resolve all

9

other matters as may be set forth in the Order of Confirmation. The Bankruptcy Court shall also, pursuant to the Plan, retain jurisdiction to determine tax liabilities in accordance with Section 505 and 1146(d) of the Bankruptcy Code.

_____
GREEN MILLER, JR.

DOCTER & DOCTER, P.C.

_____
Marcia K. Docter
666 11th Street, N.W., Suite 1010
Washington, D. C. 20001
(202) 628-6800
Counsel to Debtor

10

FILED AND ENTERED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA                OCT 1 1997

Daniel H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

IN RE:                              :
                                    :
GREEN MILLER, JR.                   :    Case No. 96-00431
                                    :    (Chapter 11)
               Debtor               :

## ORDER CONFIRMING PLAN

The Plan under Chapter 11 of the Bankruptcy Code filed by Green Miller on March 31, 1997, having been transmitted to creditors and equity security holders, and the Plan having been modified to meet the objections of the Class 2 and Class 3 creditor, and said modifications having been incorporated in the Third Amended Plan filed on September 30, 1997,

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. §1129(a) have been satisfied;

IT IS ORDERED that:

The Third Amended Plan filed by Green Miller on September 30, 1997 is confirmed.  A copy of the confirmed plan is attached.

Dated: _September 30, 1997_

                              BY THE COURT

                              _S. Martin Teel, Jr._
                              S. Martin Teel, Jr.
                              U. S. Bankruptcy Judge

Copies to:

Marcia K. Docter, Esq.
DOCTER, DOCTER & LYNN, P.C.
666 Eleventh Street, N.W. #1010
Washington, DC  20001-4542

135

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED AND ENTERED**

JUL 29 1998

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

IN RE:                                        :
                                              :
GREEN MILLER, JR.,                            :   Case No. 96-00431
                                              :   Chapter 11
              Debtor.                         :
                                              :
_____       :

## CONSENT ORDER ALLOWING CLAIMS OF THE
## DISTRICT OF COLUMBIA

By Consent of the parties, the Sixth Amended Pre-petition

Tax Claim, filed by the District of Columbia, which is attached

hereto as Exhibit A, is Allowed, and, it is

FURTHER ORDERED:    That the Third Amended Chapter 11

Administrative Expense Claim, attached as Exhibit B, is Allowed

and increased to include the First Half Real Property Taxes for

Tax Year 1998 on Square 2868, Lot 805 in the amount of $3,841.19,

which consists of base Tax in the amount of $3269.10, interest in

the amount of $245.18 and penalty in the amount of $326.91; and,

it is

FURTHER ORDERED:    That the Debtor shall pay forthwith to

the District of Columbia, as an administrative expense, the sum

of $120.49, that being the post-petition taxes due on Lot 73,

Square 2967; and, it is

FURTHER ORDERED:    That the Debtor shall pay forthwith to

the District of Columbia, as an administrative expense, the sum

of $35.73, that being the post-petition taxes due on Lot 2370,
Square 468; and, it is

FURTHER ORDERED:    That the Debtor shall pay to the
District of Columbia within sixty (60) days of this Order, the
sum of $1,955.48, that being the post-petition Real Property
Taxes due on Lot 834, Square 2663; and, it is

FURTHER ORDERED:    That the pre-petition claim of the
District of Columbia for nuisance assessments with regard to Lot
801, Square 2868, is allowed in the amount of $10,173.12, and
with regard to Lot 805, in Square 2868 is allowed in the amount
of $10,173.12, all of which are deferred in accordance with the
Confirmed Plan and as further provided herein; and, it is

FURTHER ORDERED:    That the payments of all pre and post
petition claims regarding Lots 801 and 805, in Square 2868 are
deferred, in accordance with the Class 2 provisions of the
Confirmed Plan and as further provided herein; and, it is

FURTHER ORDERED:    That Debtor will consent to judgment in
any quiet title action brought by the District of Columbia on
pre-petition and post petition Real Property Taxes owed on Lots
801 and 805, in Square 2868 in the event Debtor is unable to pay
off the Real Property Taxes on said lots as provided in the
Confirmed Plan; and, it is

2

FURTHER ORDERED:    That the Class 1 priority claim of the District of Columbia, in the amount of $14,341.42, shall be payable over six years at 7% interest in equal monthly installments of $244.51, with payments first applied to Lot 73, Square 2967, then to Lot 834, Square 2663, and last to the Area, public safety and unincorporated franchise taxes due for 1994 and 1995; and, it is

FURTHER ORDERED:    That the remaining portion of the District's pre-petition claim shall be paid under and in accordance with Class 8 of the Confirmed Plan.

DEBTOR

Green Miller, Jr.
700 7th Street, S.W., # 508
Washington, D.C. 20024

DISTRICT OF COLUMBIA

Harry T. Alexander, Jr.
51 N Street, N.E., #328
Washington, D.C. 20002
(202) 535-1389/90

3

Consent Order Allowing Claims of Inc. 96-431

So Ordered this 29th day of July, 1998.

*S. Martin Teel Jr.*

S. Martin Teel, Jr.
U.S. Bankruptcy Judge

cc:

Harry T. Alexander, Jr.
51 N Street, N.E., # 328
Washington, D.C. 20002

Mr. Green Miller
700 7th Street, S.W.
Apt. # 508
Washington, D.C. 20024

U.S. Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

4

1330 Belmont Street, NW

District of Columbia

## QUITCLAIM DEED

This QUITCLAIM DEED, made this _____ day of _____, 2002

between the DISTRICT OF COLUMBIA, a municipal corporation, acting by and through

the DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT under the

HOMESTEAD HOUSING PRESERVATION PROGRAM ADMINISTRATION

(Grantor) and GREEN MILLER, JR. (Grantee).

### WITNESSETH: that

WHEREAS, the below-described property ("Property"), formerly belonging to

the Grantee, was bid off to the Grantor at tax sales occurring in January 1992 and 1993

and in July 1995;

WHEREAS, the Property was subsequently conveyed to Grantor, in lieu of

unpaid assessments including property taxes due the Grantor, by Deed dated August 8,

1996 and recorded among the Land Records of the District of Columbia on August 21,

1996 as Instrument No. 52737;

WHEREAS, on May 30, 1997, the D.C. Superior Court dismissed a complaint

that the Grantor had filed on September 20, 1996 to quiet its title to the Property;

WHEREAS, it is the desire and intent of the Grantor to return the Property to the

Grantee;

WHEREAS, the Grantee acknowledges that he is responsible for all unpaid

assessments, including property taxes, penalties and interest that have accrued on the

Property up to August 8, 1996 when it was deeded to the Grantor; and

WHEREAS, the Grantee has agreed to accept the Property.


NOW, THEREFORE, Grantor, for and in consideration of the sum of Ten Dollars

($10.00) and other good and valuable consideration in hand paid, the receipt and

sufficiency of which is hereby acknowledged, has bargained, sold, and does by these

presents bargain, sell, remise, release and forever quitclaim to Grantee, its successors and

assigns, all the right, title, interest, claim or demand which Grantor has or may have had

in and to the property described below: to wit,

> 1330 Belmont Street, N.W.

> The East Sixty-Eight (68) feet front on Belmont Street by full depth thereof of lot
> numbered Forty (40) Columbia Heights Realty Company's subdivision of part of
> Block numbered Twenty-Nine (29), "COLUMBIA HEIGHTS", as per plat
> recorded in the Office of the Surveyor for the District of Columbia in Liber
> County 24 at Folio 45, excepting a subterranean strip of land 15 feet wide for the
> extension of the tunnel for The Washington Aqueduct conveyed by John
> Sherman, Trustee to the United States of America, by Deed recorded in Liber
> 1121 at Folio 317.

> Note: As of the Date hereof the above described land is designated on the Records
> of the Assessor for the District of Columbia, for assessment and taxation purposes
> as Lot numbered Eight Hundred One (801) in Square Twenty-Eight Hundred
> Sixty-Eight (2868).


TO HAVE AND TO HOLD the same, including any and all improvements (?)

located thereon, unto Grantee, its successors and assigns, forever.

IN WITNESS WHEREOF, THE DISTRICT OF COLUMBIA, a municipal corporation,

acting by and through the Department of Housing and Community Development, under

the Homestead Program Administration, has caused this Quitclaim Deed to be executed

on its behalf by Stanley Jackson, Director, Department of Housing and Community

Development, and properly witnessed, and does hereby appoint Stanley Jackson as its

true and lawful Attorney-in-Fact to execute this Quitclaim Deed and to acknowledge the

same to be the act and deed of the District of Columbia.

WITNESSED BY:

DISTRICT OF COLUMBIA
a municipal corporation
acting by and through the
DEPARTMENT OF HOUSING AND
COMMUNTY DEVELOPMENT

WILLIAM JAMESON
Acting Homestead Program
Administrator

By:
STANLEY JACKSON
Director

IN WITNESS WHEREOF, Grantee accepts this Quitclaim Deed and evidences its acceptance by causing these presents to be executed by affixing its signature and seal hereto.

WITNESSED BY:

GRANTEE:
GREEN MILLER, JR.

## ACKNOWLEDGEMENTS

DISTRICT OF COLUMBIA) ss:

I, _Jean Washington_ a Notary Public in and for the District of Columbia, hereby do certify that Stanley Jackson, who is personally well known to me as (or provided by the oaths of credible witnesses to be) the person named as the attorney-in-fact in the foregoing and annexed Quitclaim Deed), bearing date the _13th_ day of _June_, 2002, personally appeared before me in said District of Columbia, executed the said Quitclaim Deed and acknowledged the same to be the act and deed of the District of Columbia.

GIVEN UNDER my hand and seal this _13th_ day of _June_, 2002.

Notary Public

My Commission expires:

JEAN O. WASHINGTON
Notary Public District of Columbia
My Commission Expires February 28, 2005

1332 Belmont Street, NW

District of Columbia

## QUITCLAIM DEED

This QUITCLAIM DEED, made this _14th_ day of _June_____, 2002

between the DISTRICT OF COLUMBIA, a municipal corporation, acting by and through

the DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT under the

HOMESTEAD HOUSING PRESERVATION PROGRAM ADMINISTRATION

(Grantor) and GREEN MILLER, JR. (Grantee).

### WITNESSETH: that

WHEREAS, the below-described property ("Property"), formerly belonging to

the Grantee, was bid off to the Grantor at tax sales occurring in January 1987, 1992, 1993

and in July 1995;

WHEREAS, the Property was subsequently conveyed to Grantor, in lieu of

unpaid assessments including property taxes due the Grantor, by Deed dated August 8,

1996 and recorded among the Land Records of the District of Columbia on August 21,

1996 as Instrument No. 52738;

WHEREAS, on May 30, 1997, the D.C. Superior Court dismissed a complaint

that the Grantor had filed on September 20, 1996 to quiet its title to the Property;

WHEREAS, it is the desire and intent of the Grantor to return the Property to the

Grantee;

WHEREAS, the Grantee acknowledges that he is responsible for all unpaid

assessments, including property taxes, penalties and interest that have accrued on the

Property up to August 8, 1996 when it was deeded to the Grantor; and

WHEREAS, the Grantee has agreed to accept the Property.

NOW, THEREFORE, Grantor, for and in consideration of the sum of Ten Dollars

($10.00) and other good and valuable consideration in hand paid, the receipt and

sufficiency of which is hereby acknowledged, has bargained, sold, and does by these

presents bargain, sell, remise, release and forever quitclaim to Grantee, its successors and

assigns, all the right, title, interest, claim or demand which Grantor has or may have had

in and to the property described below: to wit,

> 1332 Belmont Street, N.W.

> Lot numbered Thirty-nine and the West 4.00 feet front by the full depth thereof of
> Lot numbered Forty (40) in Columbia Heights Realty Company's subdivision of
> part of Block numbered Twenty-nine (29), "COLUMBIA HEIGHTS", as per plat
> recorded in the Office of the Surveyor for the District of Columbia in Liber
> County 24 at Folio 45, excepting a subterranean strip of land 15 feet wide for the
> extension of the tunnel for The Washington Aqueduct, conveyed by John
> Sherman, Trustee to the United States of America, by Deed recorded in Liber
> 1121 at Folio 317, among the Land Records of the District of Columbia..

> Note: Said property being now known for assessment and taxation purposes as
> Lot numbered Eight Hundred Five (805) in Square numbered Twenty-eight
> Hundred Sixty-Eight (2868).

TO HAVE AND TO HOLD the same, including any and all improvements

located thereon, unto Grantee, its successors and assigns, forever.

IN WITNESS WHEREOF, THE DISTRICT OF COLUMBIA, a municipal corporation,

acting by and through the Department of Housing and Community Development, under

the Homestead Program Administration, has caused this Quitclaim Deed to be executed

on its behalf by Stanley Jackson, Director, Department of Housing and Community

Development, and properly witnessed, and does hereby appoint Stanley Jackson as its

true and lawful Attorney-in-Fact to execute this Quitclaim Deed and to acknowledge the

same to be the act and deed of the District of Columbia.

WITNESSED BY:                                    DISTRICT OF COLUMBIA
                                                 a municipal corporation
                                                 acting by and through the
                                                 DEPARTMENT OF HOUSING AND
                                                 COMMUNTY DEVELOPMENT


_William C. Jameson_                              By: _____
WILLIAM JAMESON                                  STANLEY JACKSON
Acting Homestead Program                         Director
Administrator

        IN WITNESS WHEREOF, Grantee accepts this Quitclaim Deed and evidences its
acceptance by causing these presents to be executed by affixing its signature and seal
hereto.

WITNESSED BY:                                    GRANTEE:
                                                 GREEN MILLER, JR.


_____                          _Green Miller_
                                                 _____

                            **ACKNOWLEDGEMENTS**

DISTRICT OF COLUMBIA) ss:

I, _Jean Washington_, a Notary Public in and for the District of Columbia,
hereby do certify that Stanley Jackson, who is personally well known to me as (or
provided by the oaths of credible witnesses to be) the person named as the attorney-in-
fact in the foregoing and annexed Quitclaim Deed), bearing date the _13th_ day of
_June_____, 2002, personally appeared before me in said District of Columbia,
executed the said Quitclaim Deed and acknowledged the same to be the act and deed of
the District of Columbia.

        GIVEN UNDER my hand and seal this _13th_ day of _June_____, 2002.

                                    _Jean O. Washington_
                                    Notary Public

My Commission expires:              JEAN O. WASHINGTON
                                    Notary Public District of Columbia
                                    My Commission Expires February 28, 2005

DISTRICT OF COLUMBIA) ss:

I, _Jean Washington_ , a Notary Public in and for the District of
Columbia, do hereby certify that Green Miller, Jr., who is personally well known to me
as (or proved by the oaths of credible witnesses to be) the person who executed the
foregoing and annexed Quitclaim Deed, bearing date the _13th_ day of _June_ ,
2002, personally appeared before me in said District of Columbia and acknowledged the
same to be his act and deed.

GIVEN UNDER my hand and seal this _13th_ day of _June_ , 2002.

_Jean O. Washington_
Notary Public

My Commission expires:

JEAN O. WASHINGTON
Notary Public District of Columbia
My Commission Expires February 28, 2005

# NOTICE OF REAL PROPERTY TAX SALE

## DISTRICT OF COLUMBIA

## ICE OF REAL PROPERTY TAX SALE

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF THE CHIEF FINANCIAL OFFICER
OFFICE OF TAX AND REVENUE

### TAX SALE SCHEDULE DATE- JULY 12, 2006

| | | | | | |
|---|---|---|---|---|---|
| 2609 | 0401 | &IMP TX | ANDRESS TAYLOR/EILEEN CRAWFORD | 1694 MONROE ST NW | $5,967.79 |
| 2609 | 2001 | &IMP TX | LYLE RITTENHOUSE | 1661 PARK RD NW | $1,202.36 |
| 2613 | 0667 | &IMP TX | CAROL MIDDLETON | 1716 NEWTON ST NW | $10,101.07 |
| 2614 | 0043 | &IMP TX | DEVELOPMENTAL CORPORATIO | 3324 18TH ST NW | $15,814.75 |
| 2616 | G055 | &IMP TX | THOMAS BART | 1862 INGLESIDE TR NW | $5,782.25 |
| 2621 | 2009 | &IMP TX | DELORES YELVERTON | 1682 OAK ST NW | $1,632.03 |
| 2622 | 2129 | &IMP TX | KANDUWA DEVELOPMENT CORP | 3426 16TH ST NW | $12,942.65 |
| 2623 | 0758 | &IMP TX | 3510 16TH ST LLC | 3508 16TH ST NW | $37,668.36 |
| 2630 | 0805 | TX | EDGAR WEISMAN/JUDY WEISMAN | ARGYLE TR NW | $375.49 |
| 2632 | 0900 | &IMP TX | L JORDAN/MARY BIGNOR | 4000 14TH ST NW | $5,382.93 |
| 2637 | 0061 | &IMP TX | DOCK HENDERSON/A HENDERSON | 1740 UPSHUR ST NW | $1,009.14 |
| 2637 | 0066 | &IMP TX | ERNEST GIBSON/E GIBSON | 4105 18TH ST NW | $2,119.80 |
| 2642 | 0870 | &IMP TX | JOHN RUCKER/BESSIE RUCKER | 4305 BLAGDEN AV NW | $4,769.92 |
| 2644 | 0833 | TX | JACK MASSENGALE TRUSTEE | BLAGDEN AV NW | $614.64 |
| 2645 | 0005 | &IMP TX | JULIA KING/RICH KING | 4204 16TH ST NW | $1,111.43 |
| 2647 | 0055 | &IMP TX | SUSAN M MOODY (LIFE ESTA | 1729 VARNUM ST NW | $1,782.40 |
| 2647 | 0520 | &IMP TX | LENA MITCHELL/WILLIAM MITCHELL | 1738 WEBSTER ST NW | $370.64 |
| 2650 | 0056 | &IMP TX | LOUISE WILSON | 1604 ALLISON ST NW | $4,727.40 |
| 2657 | 0014 | &IMP TX | RUTH HALL | 4629 BLAGDEN AV NW | $2,721.67 |
| 2658 | 0026 | &IMP TX | DORIS BROWNE | 4507 ARGYLE TR NW | $1,855.62 |
| 2660 | 0869 | TX | GEORGETOWN CAB & EM COM | ARGYLE TR NW | $396.12 |
| 2660 | 2027 | &IMP TX | MICHAEL SPEAKER/JESSICA ZELLER | 1441 FLORIDA AV NW | $2,570.59 |
| 2661 | 0824 | &IMP TX | FIDELITY MORTGAGE NETWOR | 1417 BELMONT ST NW | $62,906.12 |
| 2662 | 2091 | &IMP TX | BIG BALL LLC | 1415 CHAPIN ST NW | $1,552.08 |
| 2662 | 2100 | &IMP TX | KEITH GIGLES | 3415 CHAPIN ST NW | $1,180.01 |
| 2662 | 2108 | &IMP TX | JEFFREY WHEELER/LEIGH GILMAN | 1427 CHAPIN ST NW | $1,433.24 |
| 2663 | 0034 | &IMP TX | MILLER GREEN JR | 2560 UNIVERSITY PL NW | $76,758.79 |
| 2663 | 0041 | &IMP TX | EUCLID STREET LLC | 1460 EUCLID ST NW | $19,085.52 |
| 2664 | 0024 | &IMP TX | ENTRUST ADMIN FBO GARY R | 1427 CLIFTON ST NW | $854.69 |
| 2664 | 0808 | TX | 1428 EUCLID STREET NW | 1428 EUCLID ST NW | $2,729.70 |
| 2664 | 2017 | &IMP TX | JEFFREY JENNINGS | 1419 CLIFTON ST NW | $865.40 |
| 2664 | 2029 | &IMP TX | T ZAKERJOUGH/KHATIJA/MIXLA/ROOTEDDADDY | 1419 CLIFTON ST NW | $360.00 |
| 2664 | 2041 | &IMP TX | MAXWELL APARTMENT CO | 1419 CLIFTON ST NW | $360.00 |
| 2665 | 2032 | &IMP TX | CHRISTOPHER BOGDAN | 1425 EUCLID ST NW | $565.92 |
| 2666 | 0169 | &IMP TX | CHARLES SLEE | 2643 15TH ST NW | $2,847.86 |
| 2666 | 0225 | &IMP TX | SOLOMON WELDEGEBRIEL/SABA WELDEGEBRIEL | 2620 UNIVERSITY PL NW | $1,651.74 |
| 2667 | 0073 | &IMP TX | THE NON-PROFIT COMMUNITY | 2750 14TH ST NW | $54,185.00 |
| 2671 | 2011 | &IMP TX | OMAR NOUR/DIAA NOUR | 3939 16TH ST NW | $865.40 |
| 2672 | 2086 | &IMP TX | OTASOWIE ASUEN | 1401 COLUMBIA RD NW | $1,139.64 |
| 2677 | 0379 | &IMP TX | LOUISE HENDERSON/DOCK HENDERSON | 1443 MONROE ST NW | $2,405.64 |
| 2677 | 0580 | &IMP TX | MOSES ARMSTRONG/EDNA ARMSTRONG | 1433 MONROE ST NW | $1,770.76 |
| 2681 | 0686 | &IMP TX | 1489 NEWTON STREET COOPE | 1489 NEWTON ST NW | $12,062.99 |
| 2681 | 2002 | &IMP TX | ANGELLA JACKSON/JOSEPH JACKSON | 1495 NEWTON ST NW | $503.94 |
| 2681 | 2039 | &IMP TX | JOSEPH SOILEAU/THOMAS LEE | 1436 MERIDIAN PL NW | $463.92 |
| 2684 | 0533 | &IMP TX | ROBERTO RUSCA/ROBERT LINETTE | 1425 MERIDIAN PL NW | $373.40 |
| 2685 | 0433 | &IMP TX | NAM LE/JOSEPH KIM | 1411 OAK ST NW | $404.06 |

| | | | | | |
|---|---|---|---|---|---|
| 2902 | 0139 | &IMP TX | VIRGINIA DAVIS | 1016 QUEBEC PL NW | $711.33 |
| 2902 | 0140 | &IMP TX | JAMES RANDALL | 1016 QUEBEC PL NW | $438.90 |
| 2903 | 0011 | &IMP TX | THERESA REED | 3921 13TH ST NW | $684.13 |
| 2906 | 0027 | &IMP TX | EYOB SAMARA | 0912 SHEPHERD ST NW | $2,434.92 |
| 2906 | 0074 | TX | MARK CROOKS/M DAVIS | SHEPHERD ST NW | $391.27 |
| 2906 | 0087 | &IMP TX | 921 RANDOLPH STREET LLC | 0921 RANDOLPH ST NW | $2,292.71 |
| 2908 | 0014 | &IMP TX | SIMON ROFFE/DAVID NELSON | 1237 SHEPHERD ST NW | $2,137.86 |
| 2908 | 0057 | &IMP TX | M QUICK/W KENNEDY | 4017 13TH ST NW | $2,639.99 |
| 2908 | 2001 | &IMP TX | 4010 KANSAS LLC | 4010 KANSAS AV NW | $324.55 |
| 2914 | 0024 | &IMP TX | PAULINE BROWN | 4315 IOWA AV NW | $1,974.20 |
| 2917 | 0068 | &IMP TX | CECIL LEWIS | 4425 IOWA AV NW | $344.37 |
| 2918 | 0063 | &IMP TX | MILDRED ANDERSON | 1131 ALLISON ST NW | $356.13 |
| 2926 | 0014 | &IMP TX | RAYMOND ORAMI | 4914 GEORGIA AV NW | $5,743.63 |
| 2928 | 0014 | &IMP TX | KEVIN HURT/A HURT | 5015 13TH ST NW | $1,699.59 |
| 2929 | 0015 | &IMP TX | ROYAL BROCKENTON/JAMES BROCKENTON | 5105 13TH ST NW | $760.52 |
| 2930 | 0042 | &IMP TX | SHELIA VADER/JAMES WILLIAMS | 5207 13TH ST NW | $22,614.98 |
| 2931 | 0064 | &IMP TX | GROM AMMANUEL/RICHARD TORRES | 1235 INGRAHAM ST NW | $1,535.60 |
| 2931 | 0074 | &IMP TX | CHRISTIAN ANDERSON | 1212 JEFFERSON ST NW | $1,906.74 |
| 2931 | 0077 | &IMP TX | JEFFERSON REAL ESTATE HO | 1206 JEFFERSON ST NW | $3,486.11 |
| 2931 | 0811 | &IMP TX | ALICE NOLAN | 5326 GEORGIA AV NW | $1,142.95 |
| 2932 | 0802 | &IMP TX | 5416 GEORGIA LLC | 5416 GEORGIA AV NW | $10,603.33 |
| 2933 | 0091 | &IMP TX | MADELINE SIMPSON GOUGH/MICHELLE GOUGH | 5322 GEORGIA AV NW | $3,710.14 |
| 2935 | 0043 | &IMP TX | MARY CAIN | 5739 13TH ST NW | $3,384.04 |
| 2937 | 0308 | TX | SEBEL DESTA/SILESHI DEMEKE | 13TH ST NW | $269.87 |
| 2937 | 0846 | &IMP TX | BENJAMIN MERINO | 5801 13TH ST NW | $826.43 |
| 2940 | 2001 | &IMP TX | RITTENHOUSE JOINT VENTUR | 1000 RITTENHOUSE S NW | $735.37 |
| 2941 | 0009 | &IMP TX | NADIA BUIZ | 6218 GEORGIA AV NW | $9,340.41 |
| 2941 | 0017 | &IMP TX | GILLIAM GREGORY J | 6202 GEORGIA AV NW | $2,004.36 |
| 2944 | 0301 | &IMP TX | BERNARD SILER | 1207 SHERIDAN ST NW | $1,322.57 |
| 2945 | 0048 | &IMP TX | BANANA ENTERPRISES | 1229 TEWKESBURY PL NW | $3,727.80 |
| 2945 | 0054 | TX | LINWOOD FRAZIER/LARUE FRAZIER | 1215 TUCKERMAN ST NW | $1,063.80 |
| 2946 | 0032 | &IMP TX | MILDRED SAWYER | 1243 UNDERWOOD ST NW | $1,022.91 |
| 2946 | 0813 | TX | FLAT TOP NATIONAL BANK | GEORGIA AV NW | $1,252.27 |
| 2954 | 0039 | &IMP TX | DOROTHY BLUE/ROSALEE BLUE | 1203 FLORAL ST NW | $1,819.86 |
| 2955 | 0066 | &IMP TX | EDNA SQUIRE | 7542 12TH ST NW | $1,615.62 |
| 2955 | 0019 | &IMP TX | JILL HARPER/MATTHEW LEWIS | 7567 ALASKA AV NW | $777.95 |
| 2956 | 0006 | &IMP TX | ENTHA B MCCAIN & WESLEY | 7506 GEORGIA AV NW | $3,160.61 |
| 2956 | 0046 | &IMP TX | ANN DIXON/ROBERT DIXON | 7410 GEORGIA AV NW | $2,126.00 |
| 2956 | 0043 | &IMP TX | SCOTT & YALLER-ARCHUR A | 7306 GEORGIA AV NW | $2,771.61 |
| 2958 | 0020 | TX | L E BREININGER & SONS | ALASKA AV NW | $255.21 |
| 2964 | 0312 | &IMP TX | NEW SECOND BAPTIST CHURC | 7201 GEORGIA AV NW | $1,442.03 |
| 2964 | 0026 | &IMP TX | THOMAS MCRAE/B MCRAE | 0600 GERANIUM ST NW | $2,115.84 |
| 2965 | 0020 | &IMP TX | GUS PAPPAS | 7137 GEORGIA AV NW | $2,563.04 |
| 2965 | 0044 | &IMP TX | WALTER HINTON/LELIA HINTON | 7124 9TH ST NW | $357.50 |
| 2965 | 0046 | &IMP TX | CRAIG JACKSON | 7120 9TH ST NW | $1,276.05 |
| 2967 | 0054 | &IMP TX | RUTH E WARD TRUSTEE | 7011 9TH ST NW | $1,959.02 |
| 2967 | 0073 | &IMP TX | MILLER GREEN JR | 6920 8TH ST NW | $39,572.35 |

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** Green Miller, Jr.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se 700 Seventh St SW #508
Washington, D.C. 20024
202-488-1449

CASE NUMBER 1:06CV01935

JUDGE: John D. Bates

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/13/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZ... FOR PLAIN...

|  | PTF | DFT |  | | |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☑ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☑ **F. Pro Se General Civil**

**Real Property**
☑ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**

| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defendant illegally seized Plaintiff's real estate. 28 USC 1391

**I. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☑ YES    ☐ NO

**II. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☑ NO   If yes, please complete related case form.

DATE: 11.13.06   SIGNATURE OF ATTORNEY OF RECORD   *Aaron Miller Jr Pro Se*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

rms\js-44.wpd