UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Green Miller Jr.

    Plaintiff

-v-

District of Columbia, et al.

    Defendant

CASE NUMBER 1:06CV01935

JUDGE: John D. Bates

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/13/2006

### PLAINFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

Comes now the Plaintiff, Green Miller, Jr., Pro Se and respectfully moves this Court to enter an Order setting aside Defendant's illegal tax sale of the following properties owned by the Plaintiff in the District of Columbia located at:

2560 University Place, NW   Lot 0834 Square 2663

6920 Eighth Street, NW     Lot 0073 Square 2967

Further, to prohibit Defendant or anyone acting in concert with or under them from finalizing the sale.
FURTHER, REQUIRE THE DEFENDANT, WITHIN SEVEN DAYS, TO FILE APPROPRIATE DOCUMENTS REFLECTING THEIR COMPLIANCE WITH THE COURT'S ORDERS.
Plaintiff is prepared to place the disputed tax sale amounts in the court's registry pending litigation.
Points and authorities and a proposed order are attached.

Respectfully Submitted,

*Green Miller Jr.*
Green Miller, Jr.
700 Seventh Street, SW
Washington, DC 20024
(202)488-1449

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Green Miller Jr.

      Plaintiff

-v-

      Civil Action # _____

District of Columbia, et al.

      Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

US District Court Rule 65 permits the granting of a temporary restraining order upon application of the Plaintiff, with the filing of a verified complaint, which has been filed in the instant case. The Plaintiff meets the applicable criteria for the granting of a preliminary injunction and a temporary restraining order. The criteria for the granting of such relief are set out in Weick v. Sterenback, DC App. 350 A.2d 384 (1976). The test as set out in Weick supra is a four-part test considering the following:

### A. LIKELIHOOD OF SUCCESS

On April 2, 1996 Plaintiff Green Miller Jr. filed a Chapter 13 bankruptcy petition, in U. S. District Court case # 96-00-431 (Converted to Chapter 11). Among Plaintiff's assets were the following properties he owned in the District of Columbia:

| Address | Lot | | Square |
|---|---|---|---|
| 1330 Belmont Street, NW | Lt 0801 | Sq | 2868 |
| 1332 Belmont Street, NW | Lt 0805 | Sq | 2868 |
| 2560 University Place, NW | Lt 0834 | Sq | 2663 |
| 6920 Eight Street, NW | Lt 0073 | Sq | 2967 |

Defendants were notified of the plaintiffs' petition and the automatic stay. However on August 8, 1996 in willful violation of the Courts Automatic Stay and Plaintiff real property rights, Defendants illegally took title to Plaintiff's Belmont properties by deeding the properties out of Plaintiff's name and into D.C. Housing Preservation Program. Defendants took ownership of the properties without the knowledge of this Court or the plaintiff, while actively participating in the creation of the Plaintiff's Reorganization Plan being developed in this Court. Defendants, having illegally taken title to Plaintiff's Belmont properties stood silent while this Court issued orders confirming Plaintiff's Plan of Reorganization, which Defendants knew was contingent upon Plaintiff's ownership of the Belmont Properties.

06 1935

FILED
NOV 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Subsequent to this Court's confirmation of his Reorganization Plan, Plaintiff became aware of the fact that Defendants had taken title to Belmont Properties. Plaintiff made numerous requests for District officials to return ownership of the Belmont Properties back to him. However, Defendants violated the automatic stay, violated Plaintiff real property rights, ignored the order of this Court, and held title to Plaintiff's Belmont Properties from August 8, 1996 until June 13th, 2002 (A period of six years).

The real estate taxes related to Eighth Street and University Place were also part of Plaintiff Reorganization Plan and this Court's orders which the Defendants violated. Because the damages that the Plaintiff suffered as a direct result of the Defendants' illegally taking and holding ownership of the Belmont properties for six years greatly exceeded and offset the Plaintiff's alleged real estate taxes, the Plaintiff refused to pay the taxes.

On July 12th, 2006, the Defendants, in violation of its own laws, sold Plaintiff's Eighth Street and University Place properties at a tax sale.

### B. IRREPARABLE HARM

Real Estate in and of itself is unique. Therefore, the loss of real estate is irreparable. In the instant case the properties were shells when purchased by the Plaintiff. Plaintiff invested a significant portion of his life savings to develop the properties.

### C. BALANCE OF HARM

Plaintiff is prepared to deposit the Real Estate tax sale amounts into this court's registry, pending litigation, therefore the Defendants will not be harmed by the granting of this motion. On the other hand if Defendants' are allowed to finalize the Tax Sale, Plaintiff will lose his very significant investment.

### D. PUBLIC POLICY

Public Policy dictates that public officials who are charged with upholding and enforcing the laws of their jurisdiction be held accountable when they violate these laws themselves. Granting this motion will allow this court to prevent further damages to the Plaintiff, with no damage to the Defendants, while reviewing the Defendants' willful violation of this court's orders and the property law of this jurisdiction.

### Conclusion

The Plaintiff submits that based on the foregoing, this court should enter the temporary restraining order and permanently enjoin the Defendant's and anyone acting in concert with or under them from finalizing the Real Estate tax sale. Further Plaintiff moves this court to require Defendants to set aside the Real Estate tax sale and file documentation that it has complied with this court's orders.

Respectfully Submitted,

*[signature]*

Green Miller, Jr.
700 Seventh Street, SW
Washington, DC 20024
(202)488-1449