UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREEN MILLER JR.

   Plaintiff

   v.                                           No. 1:06-cv-01935-JDB

DISTRICT OF COLUMBIA,

   Defendants

### DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

Defendant District of Columbia ("District") opposes Plaintiff's motion for temporary restraining order and permanent injunction to set aside the District's tax sale of his two properties, and enjoin further proceedings under the District's statutory tax sale framework, D.C. Official Code §§ 47-1330 – 1385 (2005 Repl.).[1]  Under both the federal and District Tax Anti-injunction Acts, 28 U.S.C. § 1341 and D.C. Official Code § 47-3307, respectively, Plaintiff is not entitled to the relief sought from this Court.

### BACKGROUND

Plaintiff is the owner of two properties in the District that were sold for delinquent Tax Year 2005 real property taxes in July 2006.[2]  At the tax sale, Plaintiffs' properties were sold for the amount of the outstanding Tax Year 2005 taxes.  Under the applicable statutes, title to property sold at a tax sale remains with the original owner until a final order is issued by the Superior Court of the District of Columbia decreeing that the right to redeem the property is

---

[1] Unless otherwise noted, all statutory references to the D.C. Official Code are to the 2005 replacement volume.

[2] Under District of Columbia law, the "Mayor shall sell all real property on which the tax is in arrears . . . ." D.C. Code § 47-1332(a).  Tax Year 2005 was October 1, 2004 – September 30,

foreclosed and ordering that a deed be issued by the Mayor to the tax sale purchaser. D.C. Official Code §§ 47-1353, 1360, 1378 and 1382. Under the statutory mechanism established, an owner whose property has been sold at tax sale has ample opportunity to assert whatever defenses are available to him or her during the pendency of the foreclosure action filed in the Superior Court. It is in that forum, and no other, that Plaintiff should be asserting his reasons for failing to pay his Tax Year 2005 taxes.

## ARGUMENT

**1. Both the Federal and District of Columbia Tax Anti-injunction Acts Bar this Suit and the Relief Sought by Plaintiff.**

The federal Tax Anti-injunction Act, 28 U.S.C. § 1341, provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The analogous statute under District law forbids a suit "filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax." D.C. Official Code § 47-3307.

Consideration of principles of comity and federalism preclude federal subject matter jurisdiction over actions brought to enjoin, implement or interfere with state taxing schemes. *Roswell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 527 (1981) (Congress passed the Anti-injunction Act, in part, to prevent the "disarray" and "havoc" that would arise in tax-dependent states if litigants could get federal injunctions and drain those states' fiscs). *See also Jefferson County v. Acker*, 527 U.S. 423, 433 (1999) (the Tax Anti-injunction Act "is to be enforced according to its terms and should be interpreted to advance its purpose of confining federal-court

---

2005.

intervention in state government").

As Judge Roberts stated in his September 24, 2004 Memorandum Opinion and Order in a case quite similar to the case at bar, *Ellis v. District of Columbia*, Civ. No. 02-1769, "[a]n action brought against a state entity to invalidate a tax lien sale to a third party purchaser would be proscribed by the [Tax Anti-injunction] Act." Slip Op. at 19.

In *Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001), the court (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 107 (1981) held that "[a] lien sale is a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the [Tax Anti-injunction] Act or, in the case of the damages suit, by the free-standing principle of comity." Plaintiff's attempt here to obtain a temporary restraining order and permanent injunction against completion of the sale conducted by the District to collect delinquent real property taxes falls afoul of the federal and District Tax Anti-injunction statutes. As was made clear in *District of Columbia v. United Jewish Appeal Federation of Greater Washington, Inc.*, 672 A.2d 1075 (1996), whether the action or relief sought runs afoul of the Anti-Injunction Act is determined by "whether . . . any assessment or collection of taxes will be prohibited." Here, collection of the District's real property taxes on Plaintiff's two properties will be inhibited should the Court grant Plaintiff the relief he seeks. The District's statutory framework for collection of real property taxes adequately provides Plaintiff the efficient remedy stated in the federal Tax Anti-injunction Act.

**2. Plaintiff Fails to Meet the Four-Prong Test for Injunctive Relief**

In addition to the federal and District Tax Anti-injunction Acts' bar to the relief sought by Plaintiff, his attempt to obtain injunctive relief from this Court against the collection of delinquent real property taxes on properties sold by the District fails the four-prong test for

3

entitlement to injunctive relief as set forth in numerous federal and District of Columbia cases. This universally applied four-part test originated in *Virginia Petroleum Jobbers Ass'n v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958). Recently, the District of Columbia Court of Appeals, quoting from an earlier decision, set forth the four prongs as follows in *Zirkle v. District of Columbia*, 830 A.2d 1250 (D.C. 2003):

> A proper exercise of [the trial court's] discretion requires the trial court to consider whether the moving party has clearly demonstrated: (1) that there is a substantial likelihood that he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order.

Failure to establish any one of the four prongs is sufficient to deny the injunctive relief Plaintiff seeks. As explained above, Plaintiff cannot demonstrate that he will prevail on the merits because his claim is barred by the Tax Anti-injunction Acts from even being heard by this Court in the first instance. Further, he is in no danger of suffering irreparable harm because, as discussed above, the District's statutory tax sale process set forth in D.C. Official Code Chapter 13A provides ample opportunity for Plaintiff to demonstrate any alleged improprieties regarding the tax sale of his two properties before his right to redeem them is foreclosed by the Superior Court. Similarly, he cannot demonstrate that more harm will result to him than to the District were his motion to be denied. While he will suffer no injury, the District will be unable to collect the delinquent taxes on Plaintiff's properties and will suffer injury to the public fisc. Finally, Plaintiff cannot demonstrate that the public interest will not be disserved by the issuance of the restraining order and injunction he seeks. Indeed, the public interest will be greatly disserved by the issuance of the relief sought by Plaintiff. The public fisc will suffer by the

4

District's inability to collect delinquent real property taxes, and the District's statutory scheme for selling tax delinquent properties will be thwarted.

## CONCLUSION

The federal and District Tax Anti-injunction Acts each bars the relief sought here by Plaintiff. Moreover, Plaintiff fails each of the four prongs for obtaining injunctive relief, all of which must be satisfied for Plaintiff to obtain his requested relief. Finally, under the District's tax sale statutory scheme, Plaintiff has ample time and opportunity to contest the validity of the delinquent taxes, the propriety of the tax sale, and to redeem his properties by payment of all amounts due the District should he so desire.

For all of these reasons, the District respectfully asks the Court to deny Plaintiff's motion.

        Respectfully submitted,

EUGENE A. ADAMS
    Interim Attorney General for the District of Columbia

BRUCE BRENNAN
Acting Deputy Attorney General, Commercial Division

    /s/
    DAVID FISHER
    Chief, Tax, Bankruptcy & Finance Section
    Bar Number 325274

    /s/
JOSEPH F. FERGUSON, JR.
    Assistant Attorney General
    Bar Number 365849
    441 4th Street, N.W
    Suite 6N75
    Washington, D.C. 20001
    (202) 724-7752
    (202) 727-6014 (fax)
    E-mail: joseph.ferguson@dc.gov

CERTIFICATE OF SERVICE

      I certify that a copy of Defendant District of Columbia's Opposition to Motion for Temporary Restraining Order and Permanent Injunction, and Proposed Order, was mailed, postage prepaid, November 16, 2006, to Green Miller, Jr., 700 Seventh Street, S.W., Washington, D.C. 20024.

                                        /s/
                            Joseph F. Ferguson, Jr.
                            Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREEN MILLER JR.,

    Plaintiff,

    v.                                        No. 1:06-cv-01935-JDB

DISTRICT OF COLUMBIA,

    Defendant

## O R D E R

Upon consideration of Plaintiff's Motion for Temporary Restraining Order and Permanent Injunction, Defendant District of Columbia's Opposition thereto, and for good cause,

it is this _____, 2006

ORDERED that Plaintiff's motion is denied, with prejudice.

_____
J U D G E

Copies to:

Joseph F. Ferguson, Jr.
Assistant Attorney General
441 4th Street, N.W.
Washington, DC  20001

Green Miller, Jr.
700 Seventh Street, S.W.
Washington, DC  20024