UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREEN MILLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1935 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), and for the reasons set forth in the accompanying Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, Defendant District of Columbia ("District") respectfully asks this Court to dismiss with prejudice Plaintiff's complaint.

Dated: December 1, 2006

                                    Respectfully submitted,
                                    EUGENE A. ADAMS
                                    Interim Attorney General for the District of Columbia

                                    BRUCE BRENNAN
                                    Acting Deputy Attorney General, Commercial Division

                                    /s/ David Fisher
                                    DAVID FISHER
                                    Chief, Tax, Bankruptcy & Finance Section
                                    Bar Number 325274

                                    /s/ Joseph F. Ferguson, Jr.
                                    JOSEPH F. FERGUSON, JR.
                                    Assistant Attorney General
                                    Bar Number 365849
                                    441 4th Street, N.W
                                    Suite 6N75
                                    Washington, D.C. 20001
                                    (202) 724-7752
                                    (202) 727-6014 (fax)
                                    E-mail: joseph.ferguson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREEN MILLER, JR., )<br>)<br>            Plaintiff, )<br>     v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>            Defendants. ) | Civil Action No. 06-1935 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

**I. Statement of Facts**

The facts of this case are set forth in sufficient detail for purposes of this Motion to Dismiss in the Court's November 20, 2006 Memorandum Opinion (Docket Entry 7) and need not be repeated here. Suffice to say that Plaintiff has adequate and ample opportunity under District of Columbia law to assert any and all of the defenses he may deem available to him to contest the District's sale of his two properties for delinquent real property taxes prior to his being foreclosed from redeeming said properties and forever being deprived of title to them. *See* Chapter 13A of Title 47 of the D.C. Official Code (2005 Repl.).

To the extent that Plaintiff seeks injunctive and declarative relief relating to the collection of District taxes, his claims are barred by both the Federal Tax Injunction Act ("FTIA"), 28 U.S.C. § 1341, and the District's Tax Injunction Act ("DTIA"), D.C. Official Code § 47-3307 (2001). Moreover, pursuant to the District of Columbia Court Reorganization Act of 1970, Congress expressed its clear intent to vest exclusive jurisdiction in the District of Columbia courts over all challenges to District taxes. Therefore, this Court lacks jurisdiction over the subject matter of Plaintiff's claims with respect to the assessment and collection of District taxes, and those claims should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(1).

**II. Argument**

<u>Plaintiff's claims seeking injunctive and declaratory relief against the District's tax collection procedures should be dismissed because this Court lacks subject matter jurisdiction.</u>

 <u>1. Standard of review.</u>  On a motion to dismiss under FRCP 12(b)(1), "the plaintiff bears the burden of establishing that the Court has jurisdiction." *Esposito v. Comm'r of Internal Revenue*, 208 F.Supp. 2d 44, 45 (D.D.C. 2002) (citation omitted), *aff'd* 2002 U.S. App. LEXIS 25894 (D.C. Cir. 2002).

> In evaluating whether subject matter jurisdiction exists, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. . . . The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations.

*Id*. (Citations omitted.)  Also, "[i]n reviewing jurisdictional issues, a court cannot ignore statutory restrictions on its jurisdiction." *Id.*

 <u>2.  The District of Columbia Court Reorganization Act of 1970, the FTIA and the DTIA, deprive this Court of subject matter jurisdiction</u>.  The act that apparently triggered Plaintiff's complaint was the sale of his two properties at a tax sale because his real property taxes were delinquent.  Under the District of Columbia Court Reorganization Act of 1970, Congress expressed its clear intent to vest exclusive jurisdiction in the District of Columbia courts over all challenges to District taxes, including those involving federal statutory or constitutional claims, in lieu of jurisdiction in the federal courts.  *See* D.C. Official Code §§ 11-1201 and 1202 (2001) ("[n]otwithstanding any other provision of law, the jurisdiction of the Tax Division of the Superior Court . . . is exclusive.").  *See also Jenkins v. Wash. Convention Center, et al.*, 236 F.3d 6, 11 (D.C. Cir. 2001); *Block v. District of Columbia*, 492 F.2d 646 (D.C. Cir. 1974); *District of Columbia v. Berenter*, 466 F.2d 367 (D.C. Cir. 1972).

Just as this Court concluded it had no jurisdiction in the *Esposito* case because "a court cannot ignore statutory restrictions on its jurisdiction" *(id.* at 45), here, too, the Court cannot ignore the statutory restriction placed on its jurisdiction by the United States Congress in the Court Reorganization Act of 1970 which vested exclusive jurisdiction in the Tax Division of the District of Columbia Superior Court over "all appeals from and petitions for review of assessments of tax . . . made by the District of Columbia." Pub. L. No. 91-358, title I, § 111 (1970), 84 Stat. 488, codified at D.C. Official Code § 11-1201 (2001).

In *Esposito*, a taxpayer sought to appeal to this Court an adverse decision by the United States Tax Court. The Internal Revenue Code provides that "[t]he United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court." 26 U.S.C. § 7482(a)(1). This Court concluded that because "the plain language of 26 U.S.C. § 7482 prohibits such a review, the court lacks subject matter jurisdiction to decide the merits of this case." *Esposito* at 45.

Here, Plaintiff's properties were sold at the July 2006 tax sale for unpaid taxes. In essence, plaintiff seeks an appeal or review of the District's assessment of real property taxes on his two properties. Under the judicial review process established by Congress in the Court Reorganization Act of 1970, any issues relating to the assessment of real property taxes and the sale of Plaintiff's properties for delinquent real property taxes must be pursued in the Superior Court of the District of Columbia, not in federal court. Thus, this Court lacks the needed subject matter jurisdiction to hear and decide the merits of this case.

In addition, the FTIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This Court has held

that the FTIA applies to the District of Columbia. *Jenkins v. Wash. Convention Center*, 59 F.Supp.2d 78, 82 (D.D.C.), *aff'd on other grounds, Jenkins v. Wash. Convention Center,* 236 F.3d 6, 11 (D.C. Cir. 2001).[1]  A plain, speedy and efficient remedy to Plaintiff's claims may be had in the District of Columbia Superior Court whose Tax Division is perfectly capable of adjudicating such claims.

And finally, the DTIA provides that "[n]o suit shall be filed to enjoin the assessment or collection by the District of Columbia or any of its officers, agents, or employees of any tax." D.C. Official Code § 47-3307 (2001).  As this Court stated recently with respect to the DTIA, "Congress also enacted legislation governing tax collection in the District that included . . . a specific provision insulating this tax scheme . . . from suits at law."  The Court therefore concluded "that it must refrain from considering the merits of this challenge to the District of Columbia taxation scheme, since [in addition to the FTIA] this act provides an additional bar to the exercise of jurisdiction here."  *Jenkins v. Wash. Convention Center*, 59 F.Supp.2d at 82.  This Court must likewise refrain from considering the merits of Plaintiff's challenge to the District's sale of his properties for delinquent real property taxes.

## III.  Conclusion

Plaintiff's complaint against the District is grounded in the District's carrying out of its statutorily mandated duties to assess and collect real property taxes.  The fact of the matter is that Plaintiff was delinquent in his real property taxes, he was sent notices of that fact, he was apprised that his property would be placed in the tax sale, yet he failed to take any action either

---

[1]  As this Court pointed out in its November 20, 2006 Memorandum Opinion, while the D.C. Circuit has not definitively resolved whether the District of Columbia is a state for purposes of the FTIA, the District Court in *Jenkins v. Wash. Convention Ctr.*, 59 F. Supp. 2d 78, 81-82 (D.D.C. 1999), did so conclude.  The "Court's analysis . . . with respect to the common language of the federal and D.C. statutes eliminates the need to take a position on this unresolved question . . . ."  *Id*. at 5, fn 1.  The Court Reorganization Act of 1970, however, makes it clear that jurisdiction over this matter lies exclusively with the Tax Division of the District of Columbia Superior Court.  D.C. Official Code § 11-1201 (2001).

to challenge the amount of taxes said to be due or redeem his property after the tax sale. Under the District's statutory mechanism governing delinquent real property taxes, and the sale of properties therefor, Plaintiff's right to redeem his properties remains available to him until "a judgment foreclosing the right of redemption becomes final." D.C. Official Code § 47-1370(d) (2005 Repl.).

Plaintiff had, but failed to avail himself of, other opportunities to contest any alleged improper tax assessment of his properties. His claims could and should have been brought in one or more of several forums – a first level appeal of his tax assessment before the District's Office of Tax and Revenue (D.C. Official Code § 47-825.01(f-1) (2005 Repl.)); a second level appeal to the Board of Real Property Assessments and Appeals (*id.*); and a third level appeal to the District of Columbia Superior Court Tax Division (D.C. Official Code § 47-825.01(j-1) (2005 Repl.)). And, as discussed above, if Plaintiff believes his properties were wrongfully sold at the July 2006 tax sale, he will have an opportunity to challenge the propriety of the tax sale in the Superior Court Civil Division if and when the tax sale purchaser(s) bring foreclosure actions under Subchapter IV of Chapter 13A of Title 47 of the D.C. Official Code, §§ 47-1370, *et seq*. (2005 Repl.).

Plaintiff chose to avail himself of none of the statutorily prescribed mechanisms for disputing his real property tax assessment. He allowed his real property taxes to become delinquent, his properties were sold at tax sale, and he has failed to avail himself of any of the statutorily mandated procedures for contesting either the tax assessment or the sale. Instead, only after the sale did plaintiff decide to challenge the established District of Columbia real property tax scheme, by filing this action.

Accordingly, because this Court lacks subject matter jurisdiction, and because Plaintiff's

right to contest the propriety of the tax sale remains available to him during the course of any foreclosure action brought under applicable District of Columbia law, Plaintiff's complaint should be dismissed with prejudice.

Dated December 1, 2006

                Respectfully submitted,

                EUGENE A. ADAMS
                Interim Attorney General for the District of Columbia

                BRUCE BRENNAN
                Acting Deputy Attorney General, Commercial Division

                /s/ David Fisher
                DAVID FISHER
                Chief, Tax, Bankruptcy & Finance Section
                Bar Number 325274

                /s/ Joseph F. Ferguson, Jr.
                JOSEPH F. FERGUSON, JR.
                Assistant Attorney General
                Bar Number 365849
                441 4th Street, N.W
                Suite 6N75
                Washington, D.C. 20001
                (202) 724-7752
                (202) 727-6014 (fax)
                E-mail: joseph.ferguson@dc.gov

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant District of Columbia's Motion to Dismiss and Proposed Order, was mailed, postage prepaid, December 1, 2006, to Green Miller, Jr., 700 Seventh Street, S.W., Washington, DC 20024.

                /s/Joseph F. Ferguson, Jr.
                Joseph F. Ferguson, Jr.
                Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREEN MILLER JR.,

    Plaintiff,

    v.                                             No. 1:06-cv-01935-JDB

DISTRICT OF COLUMBIA,

    Defendant

## **O R D E R**

    Upon consideration of the District of Columbia's Motion to Dismiss, any opposition, and for good cause, it is this _____, 2006

    ORDERED that Plaintiff's complaint is dismissed, with prejudice.

_____
J U D G E

Copies to:

Joseph F. Ferguson, Jr.
Assistant Attorney General
441 4th Street, N.W.
Washington, DC  20001

Green Miller, Jr.
700 Seventh Street, S.W.
Washington, DC  20024