UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Green Miller Jr.

    Plaintiff

-v-

District of Columbia, et al.

    Defendant

Civil Action # 06-01935 JDB

RECEIVED
MAR - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Opposition To Defendant's Motion To Dismiss

Comes now plaintiff, Green Miller Jr, Pro Se and opposes defendant's motion for the following reasons:

Defendant's motion is misdirected to arguing whether this Court has jurisdiction to intervene in the process of a "STATE" assessing and collecting taxes. While the "District's" standing is arguable, taxes in this case are only a side issue related to a "Set-Offs".

The facts in this case are undisputed. The main issue in this case the damages which Plaintiff suffered as a result of defendant illegally taking title to his Belmont properties in violation of 11 USC §362, an automatic stay, two U.S. Bankruptcy Order, plaintiff's real property rights and 28 USC §158. All of which are within the jurisdiction of this Court. Specifically:

1. Plaintiff filed a bankruptcy petition in April 1996 which activated the automatic stay provisions of 11 USC §362.

-1-

2. In September 1997 the U.S. Bankruptcy Court issued an Order confirming plaintiff's reorganization plan. (The four properties listed in this complaint were part of that plan.)

3. In July 1998 the U.S. Bankruptcy Court entered a Consent Order modifying the plan.

4. In August 1998 one month after the reorganization plan was modified, plaintiff learned that District officials, with full knowledge of the stay, had taken title to the Belmont properties two years earlier. Despite repeated requests, the District continued to hold title to plaintiff's Belmont properties until 2002.

5. The facts are undisputed. Defendant illegally and knowingly took title to plaintiff's Belmont properties and held them for SIX YEARS.

6. Article VIII of the reorganization plan provided that the U.S. Bankruptcy Court would "retain jurisdiction of this case to... determine any matters arising concerning the title to property of Debtor, or the sale thereof."

7. Based upon Article VIII, plaintiff had two options:
   a. reopen the bankruptcy case and because of the issues raised, move for withdrawal of reference which would bring the case to this Court
   
   or
   
   b. simply file a new case in this Court.
   
   Plaintiff elected the latter.

8. Plaintiff had contended that his damage should "set off" the taxes defendant alleged plaintiff owed. However, plaintiff

paid all taxes in full in order to remove the Eighth and University properties from "harms way". Therefore there will not be any local proceeding.

Remaining are the Federal issues as stated above.

9. The entire record of this case and U.S. Bankruptcy Court Petition Case #96-00431 are incorporated herein by reference.

Base on the forgoing, plaintiff requests that this Court deny the Motion To Dismiss.

Respectfully Submitted
Green Miller Jr, Pro Se
700 Seventh St SW #508
Washington, D.C. 20024
202-488-1449

## Certificate of Service

I certify that a copy of plaintiff's opposition was mailed, postage paid, March 5, 2007, to Joseph F. Ferguson, Jr
Assistant Attorney General
441 Fourth St NW
Suite 6N75
Washington, D.C. 20001

Green Miller Jr